UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBYN COHEN,

    Plaintiff,

vs.

Xavier Becerra, Secretary and
Successor to Alex Azar, former Secretary
UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

    Defendant.
_____/

# COMPLAINT

COMES NOW Plaintiff, ROBYN COHEN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, XAVIER BECCERA, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES ("Defendant"), and alleges as follows:

1. This is an action for damages resulting from Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*..[1]

2. This is an action for damages that exceeds $75,000.00 exclusive of interest, attorney's fees and costs.

3. Plaintiff is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

---

[1] As a result of Defendant's unlawful actions set forth herein, Plaintiff has also filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging disability discrimination and retaliation in violation of Plaintiff's rights under Title VII and the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff will amend the Complaint to include these additional claims as such time when all required administrative remedies have been appropriately exhausted.

4. Defendant at all times material hereto, carried on a business venture in Miami-Dade County Florida, and was engaged in substantial activity within this state and Miami-Dade County.

5. The acts or omissions giving rise to this complaint occurred in whole or in part in Miami-Dade County, Florida.

6. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year.

7. Plaintiff was employed for at least twelve (12) months by Defendant and has worked at least 1,250 hours in the twelve (12) months.

8. All conditions precedent to bringing this action have occurred, been performed, or been excused.

9. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACT COMMON TO ALL COUNTS

10. At all times relevant, Plaintiff was employed by Defendant as an attorney advisor assigned to the Office of Medicare Hearings and Appeals ("OMHA") in the Miami Field Office.

11. Plaintiff has worked at this position since August 2005.

12. Plaintiff's first level supervisor was Ginger Hilts, and her second level supervisor was Elizabeth Nodal.

13. Plaintiff was exposed to mold and irritants in the air in the Claude E. Pepper Building where the OMHA offices are located.

14. As a result of this, since 2017, Plaintiff has been very sick. Plaintiff's asthma, breathing issues and allergies were heavily documented by numerous doctors this information is in Defendant's hands.

15. The above-alleged injury required medical treatment.

16. Further documentation was given to Defendant to support her request for Reasonable accommodation ("RA"), coverage under the FMLA, and participation in the Voluntary Leave Transfer Program ("VLTP").

17. After the work-related accident as described above, Plaintiff reported said injuries to Defendant through a supervisor and requested medical treatment.

18. Plaintiff requested RA, including and air purifier and requested to work from home or from an alternate location to avoid the breathing difficulties in the building.

19. These requests were denied by supervisors Ms. Hilts and Ms. Nodal.

20. Ms. Nodal and Ms. Hilts did not want to deal with Plaintiff's medical needs. In fact, when Plaintiff sought guidance from the EEO Office regarding her issues, Ms. Nodal and Ms. Hilts retaliated against Plaintiff.

21. The supervisors mishandled Plaintiff's leave and her RA requests, as well as her requests for participation in the VLTP and FMLA. These actions were done in retaliation for Plaintiff going outside the office to resolve the issues.

22. As a result of Plaintiff's report of injuries and request for medical treatment, Defendant had notice that Plaintiff may need medical leave due to said injuries.

23. Plaintiff was denied episodic telework as a reasonable accommodation on or about July 9, 2018.

24. Plaintiff's request to work at a different location was denied on or about July 9, 2018.

25. Due to Plaintiff medical issues, Plaintiff was forced to take a sick leave two days per week starting on or about July 5, 2018.

26. Plaintiff requested to leave under FMLA, but was ignored on or about August 2018.

27. On or about November 19, 2018, and November 21, 2018, Plaintiff was charged with AWOL due to the inability to access her annual leave, FMLA and VLTP and management's refusal to have the timekeeper act on her behalf.

28. On or about November 26, 2018, management requested that Plaintiff provide additional medical information for FMLA leave, even though this leave had already been approved.

29. Plaintiff told management that she did not have to provide additional documentation, since her FMLA leave was already approved. Ms. Hilts accused Plaintiff of falsifying her doctor's appointments and required her to bring additional documentation that she had actually had a doctor's appointment.

30. On or about November 28, 2018, Defendant terminated Plaintiff's employment and did not allow Plaintiff to re-commence work for Defendant.

31. Plaintiff's work prior to discharge was satisfactory or more than satisfactory.

## COUNT I
### *Interference With Rights Under The FMLA*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

33. Plaintiff is an individual entitled to protection under the FMLA.

34. Plaintiff is an employee within the meaning of the FMLA.

35. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

36. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

37. Defendant's actions constitute violations of the FMLA.

38. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
*Retaliation Under The FMLA*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

40. Plaintiff is an individual entitled to protection under the FMLA.

41. Plaintiff is an employee within the meaning of the FMLA.

42. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

43. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

44. Defendant's actions constitute a violation of the FMLA.

45. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated:  November 18, 2021, 2021.

                                                Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC.**
*Attorneys for Plaintiff*
Court House Tower
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

By:/s/ Peter M. Hoogerwoerd
 Peter M. Hoogerwoerd
 Fla. Bar No.: 188239